

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2008

# Atia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Atia v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**\* Amended IMG–053**                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2282
_____

IBRAHIM ABDEL MOHAIMEN ATIA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-829-885)
Immigration Judge:  Honorable Daniel Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
APRIL 23, 2008

Before:  SCIRICA, Chief Judge, FUENTES AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 30, 2008)
_____

OPINION
_____

PER CURIAM

Ibrahim Abdel Mohaimen Atia petitions for review of an order of the Board of

Immigration Appeals ("BIA").  For the reasons below, we will deny the petition for

review.

Atia, a citizen of Egypt, was admitted to the United States as a visitor in November 1999. In April 2001, an Application for Alien Labor Certification was filed on his behalf. In March 2003, while the application was pending, Atia was charged as removable for overstaying his admission period. Atia conceded removability. In October 2005, after several adjournments, the Immigration Judge ("IJ") denied Atia's motion to continue the removal proceedings. The BIA dismissed Atia's appeal, and Atia filed a timely petition for review.

We review the denial of a continuance for abuse of discretion. Khan v. Attorney General, 448 F.3d 226, 233 (3d Cir. 2006). We resolve this question on a case by case basis according to the facts of each case. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). The denial of a continuance may only be reversed if it is arbitrary, irrational, or contrary to law. Khan, 448 F.3d at 233.

Atia argues that a continuance should have been granted based on the BIA's decision in Matter of Velarde, 23 I. & N. Dec. 253 (BIA 2002). In Velarde, the BIA addressed when a motion to reopen could be granted to provide an alien with the opportunity to file for adjustment of status based on a marriage to a citizen. Here, however, Atia sought a continuance based on a pending labor certification application. Atia's situation is more like the alien's in Khan, in which the alien challenged the denial of a continuance while his wife's labor certification application was pending. We concluded that the Department of Labor's delay in the processing of Khan's wife's application did not make the IJ's denial of a continuance an abuse of discretion.

Atia likewise argues that he should not be penalized for the Department of Labor's delay in processing his application. He argues that his case is different from Khan because he is the principal applicant and he has two labor certification applications pending at the Department of Labor. However, these differences do not distinguish this case from Khan, and we conclude that the IJ in this case did not abuse his discretion in denying Atia's motion for a continuance.

Accordingly, we will deny the petition for review. However, we are troubled by Atia's allegations that his labor certification application has been pending with the Department of Labor since 2001. If his application has been pending that long,[1] we believe such delay to be unconscionable. Accordingly, we will stay issuance of our mandate for ninety days to allow the Department of Labor to act on Atia's labor certification application should a petition be pending before it. We expect such a decision to be forthcoming. No further stays or extensions will be granted.

---

[1] While the record contains correspondence dated July 1, 2004, from the New Jersey Department of Labor requesting additional information for Atia's Labor Certification Application, C.A.R. at 157-160, there is nothing in the record showing that Atia's application was ever received by the United States Department of Labor. Atia has not described any efforts he has taken to ascertain the status of his application. We note that the Employment and Training Administration of United States Department of Labor has a website through which one can check the status of a "backlog case." See http://pds.pbls.doleta.gov/.